{¶ 25} This is a simple negligence case which was disposed of improperly by the trial court. The question of sovereign immunity is not at issue here, as the Supreme Court of Ohio has already resolved that question. The Supreme Court of Ohio clearly stated that municipalities can be held liable for "foliage obstructing a driver's view."[2] Thus, there is a question of fact which remains in this litigation. Stated simply, the question of fact is: "did the foliage on the side of the road obstruct the view of the driver to oncoming traffic?" I do not know.
 {¶ 26} A review of the record before this court clearly demonstrates that the injured motorcycle rider, who obviously had firsthand knowledge of the crash site, stated in an affidavit that "* * * at the time of the collision, the view of drivers exiting the driveway of Warren Harding High School was obstructed by trees and bushes." As the party opposing a motion for summary judgment, the motorcycle rider had a right, as a matter of law, to have that evidence construed most strongly in his favor. In other words, for the purpose of summary judgment only, it is a true statement that the view was obstructed. There is no weighing of evidence at issue here.
 {¶ 27} The majority opinion has imposed the wrong legal standard in reviewing the affidavit of Mr. Leonard. The majority writes that "the evidence that the parties submitted during the summary judgment exercise actually demonstrates that Foster SHOULD HAVE BEEN ABLE (TO) SEE WILLIAM LEONARD AS HE WAS TRAVELLING SOUTHBOUND ON LAIRD AVENUE." (Emphasis added.) Therein lies the problem with the analysis utilized by the majority. Civ.R. 56 is clear and unequivocal in its mandate that summary judgment shall not be rendered unless "reasonable minds can come to but one conclusion." Who says that she should have been able to see the oncoming motorcycle? The trial court? No. This court? Definitely not.
 {¶ 28} The majority appears to be weighing the quality of the affidavit rather than giving it the deference to which it is due. For example, the statement that "* * * Leonard did not state that the view was totally obstructed * * *" imposes a new legal standard to be met. There is no requirement in law or logic that the view be "totally" obstructed to give rise to liability. This is a legally impermissible weighing of the evidence which is inappropriate in a summary judgment exercise. For the purpose of the summary judgment exercise the view was obstructed. The degree of obstruction is another question altogether which will never be reached in a summary judgment exercise.
 {¶ 29} The injured party alleges that the overgrown trees obstructed the view of the roadway. It is a question of fact whether (1) they were overgrown, and (2) by how much, and (3) how that fact played a role in causing the collision. Summary judgment is inappropriate in this matter until those facts are resolved.
[2] Franks v. Lopez (1994), 69 Ohio St.3d 345.